Grant C. Keary (SBN 130706)
Lee & Keary
26000 Towne Centre Drive
Suite 200
Foothill Ranch, California 92610
Telephone: (949) 916-1600 Fax: (949) 916-1010
Email: gck@LeeKeary.com

Attorneys for Defendants, Emergency and
Acute Care Medical Corporation and EA
Health Billing, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVINO JUAREZ,<br><br>    Plaintiff,<br><br>v.<br><br>EMERGENCY AND ACUTE CARE MEDICAL CORPORATION; EA HEALTH BILLING, INC.; PROGRESSIVE MANAGEMENT SYSTEMS and DOES 1-10, inclusive<br><br>    Defendant(s). | CASE NO. 3:20-cv-00505-WQH-MSB<br><br>**ANSWER OF DEFENDANTS EMERGENCY AND ACUTE CARE MEDICAL CORPORATION AND EA HEALTH BILLING, INC.** |

Defendants Emergency and Acute Care Medical Corporation ("**EACMC**") and EA Health Billing, Inc. ("**EA Billing**" and collectively, "**EA Health**"), respectfully submit the following Answer to the Complaint ("**Complaint**") of Plaintiff SILVINO JUAREZ ("**Plaintiff**").

## I.      INTRODUCTION

1.      EA Health admits Plaintiff filed this action based on alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. Section 1692, et. seq., the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code Section 1788 et. seq., but denies any

violations, liability, damages or wrongdoing under those laws. Except as specifically admitted, EA Health denies the remaining allegations contained in paragraph 1 of the Complaint.

2. The FDCPA speaks for itself. To the extent that the allegations in paragraph 2 conflict with the FDCPA, such allegations are denied.

3. The RFDCPA speaks for itself. To the extent that the allegations in paragraph 3 conflict with the RFDCPA, such allegations are denied.

## II. JURISDICTION AND VENUE

4. EA Health denies the allegations in paragraph 4 since such allegations call for a legal conclusion.

5. EA Health admits that EA Health conducts business in the County of San Diego. Except as so admitted, the remaining allegations of paragraph 5 are denied.

6. EA Health does not dispute venue in the County of San Diego. Except as so admitted, the remaining allegations of paragraph 6 are denied.

## III. PARTIES AND DEFINITIONS

7. EA Health lacks sufficient information or belief as to the truth of the allegations in paragraph 7 of the Complaint and on that basis denies each and every allegation contained therein.

8. EACMC admits that as part of its business it attempts to collect debts on behalf of itself. Except as so admitted, the remaining allegations of paragraph 8 are denied.

9. EA Billing admits that part of its business is to collect debts on behalf of itself and others. Except as so admitted, the remaining allegations of paragraph 9 are denied.

10. EA Health lacks sufficient information or belief to form a basis as to the truth of the allegations contained in paragraph 10, and on that basis, denies each and every allegation contained therein.

2

**Answer of Defendant Emergency and Acute Care
Medical Corporation and EA Health Billing, Inc.**

4 EA Juarez Answer 4-2-20.docx

LEE & KEARY
26000 TOWNE CENTRE DRIVE, SUITE 200
FOOTHILL RANCH, CALIFORNIA 92610
TELEPHONE: (949) 916-1600
TELEFAX: (949) 916-1010

LEE & KEARY
26000 TOWNE CENTRE DRIVE, SUITE 200
FOOTHILL RANCH, CALIFORNIA 92610
TELEPHONE: (949) 916-1600
TELEFAX: (949) 916-1010

11. EA Health denies the allegations contained in paragraph 11. In addition, the allegations in paragraph 11 call for a legal conclusion.

12. EA Health denies the allegations contained in paragraph 12. In addition, the allegations in paragraph 12 call for a legal conclusion.

13. EA Health denies the allegations contained in paragraph 13. In addition, the allegations in paragraph 13 call for a legal conclusion.

14. EA Health denies the allegations contained in paragraph 14. In addition, the allegations in paragraph 14 call for a legal conclusion.

## IV. FACTUAL ALLEGATIONS

15. EA Health denies the allegations contained in paragraph 15 as calling for a legal conclusion.

16. EA Health denies the allegations contained in paragraph 16 as calling for a legal conclusion.

17. EA Health denies the allegations contained in paragraph 17 as calling for a legal conclusion.

18. Upon information and belief, EA Health admits the allegations contained in paragraph 18.

19. EA Health is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19, and on that basis, denies each and every allegation contained therein.

20. Upon information and belief, EA Health admits that Sharp Chula Vista Hospital provided EA Health with information regarding Plaintiff's treatments. Except as so admitted, the remaining allegations of paragraph 20 are denied.

21. EA Health denies providing any medical services to Plaintiff. EA Health is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 21, and on that basis, denies each and every remaining allegation contained therein.

22. EA Health denies that EA Health provided any medical services to Plaintiff. EA Health is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 22, and on that basis, denies each and every remaining allegation contained therein.

23. EA Health denies providing any medical services to Plaintiff. EA Health is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 23, and on that basis, denies each and every remaining allegation contained therein.

24. EA Health is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 24, and on that basis denies each and every allegation contained therein.

25. EA Health is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25, and on that basis denies each and every allegation contained therein.

26. EA Health denies the allegations contained in paragraph 26.

27. EA Health denies the allegations contained in paragraph 27.

28. EA Health admits sending statements to Plaintiff for services rendered by physicians to Plaintiff. EA Health denies all of the remaining allegations contained in paragraph 28.

29. EA Health denies the allegations contained in paragraph 29 as calling for a legal conclusion.

30. EA Health admits sending statements to Plaintiff for medical services rendered to Plaintiff by physicians. EA Health denies the remaining allegations contained in paragraph 30.

31. EA Health admits sending statements to Plaintiff for professional services provided by physicians. EA Health denies the remaining allegations contained in paragraph 31.

32. EA Health admits that no claims for its services rendered to Plaintiff were submitted to any insurance company. EA Health denies the remaining allegations contained in paragraph 32.

33. EA Health denies the allegations contained in paragraph 33.

34. EA Health is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 34, and on that basis, denies each and every allegation contained therein.

35. EA Health is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 35, and on that basis, denies each and every allegation contained therein.

36. EA Health is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 36, and on that basis, denies each and every allegation contained therein.

37. EA Health is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 37, and on that basis, denies each and every allegation contained therein.

**Answer of Defendant Emergency and Acute Care Medical Corporation and EA Health Billing, Inc.**

4 EA Juarez Answer 4-2-20.docx

38. EA Health is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 38, and on that basis, denies each and every allegation contained therein.

39. EA Health is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 39, and on that basis, denies each and every allegation contained therein.

40. EA Health is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 40, and on that basis, denies each and every allegation contained therein. In addition, EA Health denies the allegations set forth in paragraph 40 as calling for a legal conclusion.

41. EA Health denies the allegations contained in paragraph 41.

42. EA Health denies the allegations contained in paragraph 42.

43. EA Health denies the allegations contained in paragraph 43.

44. EA Health denies the allegations contained in paragraph 44.

45. EA Health denies the allegations contained in paragraph 45.

46. EA Health admits to possessing certain information of Plaintiff provided by Sharp Chula Vista Hospital. EA Health denies the remaining allegations contained in paragraph 46.

47. EA Health denies the allegations contained in paragraph 47 as calling for a legal conclusion.

48. EA Health denies the allegations contained in paragraph 48 as calling for a legal conclusion.

49. EA Health denies the allegations contained in paragraph 49.

50. EA Health denies the allegations contained in paragraph 50.

**Answer of Defendant Emergency and Acute Care Medical Corporation and EA Health Billing, Inc.**

4 EA Juarez Answer 4-2-20.docx

51. EA Health denies the allegations contained in paragraph 51.

52. EA Health denies the allegations contained in paragraph 52.

53. EA Health denies the allegations contained in paragraph 53.

54. EA Health denies the allegations contained in paragraph 54.

55. EA Health denies the allegations contained in paragraph 55.

56. EA Health denies the allegations contained in paragraph 56.

57. EA Health denies the allegations contained in paragraph 57.

58. EA Health denies the allegations contained in paragraph 58.

59. EA Health denies the allegations contained in paragraph 59.

60. EA Health denies the allegations contained in paragraph 60.

## V. PLAINTIFF'S DAMAGES AND ENTITLEMENET TO TREBLE DAMAGESPER CIVIL CODE SECTION 3345.

61. EA Health incorporates by reference and realleges as though fully set forth herein each and every admission, denial and allegation set forth in paragraphs 1 through 64 above.

62. EA Health denies the allegations contained in paragraph 62.

63. EA Health denies the allegations contained in paragraph 63.

64. EA Health denies the allegations contained in paragraph 64.

## VI. CAUSES OF ACTION

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT AND ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT.

65. EA Health incorporates by reference and realleges as though fully set forth herein each and every admission, denial and allegation set forth in paragraph 1 through 64 above.

66. EA Health denies the allegations contained in paragraph 66.

**Answer of Defendant Emergency and Acute Care Medical Corporation and EA Health Billing, Inc.**

4 EA Juarez Answer 4-2-20.docx

LEE & KEARY
26000 TOWNE CENTRE DRIVE, SUITE 200
FOOTHILL RANCH, CALIFORNIA 92610
TELEPHONE: (949) 916-1600
TELEFAX: (949) 916-1010

67. EA Health denies the allegations contained in paragraph 67.

68. EA Health denies the allegations contained in paragraph 68.

69. EA Health denies the allegations contained in paragraph 69.

70. EA Health denies the allegations contained in paragraph 70.

71. EA Health denies the allegations contained in paragraph 71.

72. EA Health denies the allegations contained in paragraph 72.

73. EA Health denies the allegations contained in paragraph 73.

74. EA Health denies the allegations contained in paragraph 74.

## VII.  THIRD CAUSE OF ACTION

## VIOLATION OF CALIFORNIA CONFIDENTIALITY OF MEDICAL INFORMATION ACT.

75. EA Health denies the allegations contained in paragraph 75.

76. EA Health denies the allegations contained in paragraph 76.

77. EA Health denies the allegations contained in paragraph 77.

78. EA Health denies the allegations contained in paragraph 78.

79. EA Health denies the allegations contained in paragraph 79.

80. EA Health denies the allegations contained in paragraph 80.

81. EA Health denies the allegations contained in paragraph 81.

82. EA Health denies the allegations contained in paragraph 82.

## VII.  REQUEST FOR RELIEF

83. To the extent that any allegations following paragraph 82 constitute a prayer for relief, EA Health denies Plaintiff is entitled to any relief, including the relief sought in its first, second, and third causes of action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint, and each purported cause of action alleged therein against these Answering Defendants, fails to allege facts sufficient to constitute any legally cognizable cause of action against these Answering Defendants.

### SECOND AFFIRMATIVE DEFENSE

2. Any recovery on the Complaint, or any purported cause of action alleged therein, is barred by the applicable statute of limitations, including, but not limited to Sections 337, 338, 339, 340, 340.6 and or 343 of the California Code of Civil Procedure, California Civil Code Section 1788.30(f), and 15 U.S.C. Section 1692k(d).

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff is estopped by Plaintiff's own conduct from recovering any relief on Plaintiff's Complaint against these Answering Defendants.

### FOURTH AFFIRMATIVE DEFENSE

4. Without admitting any of the allegations of the Complaint, on information and belief, Plaintiff is barred from a recovery in whole or in part by Plaintiff's failure to mitigate Plaintiff's monetary losses, if any.

### FIFTH AFFIRMATIVE DEFENSE

5. On information and belief, by Plaintiff's conduct, Plaintiff has waived any right to recover any relief on Plaintiff's Complaint against these Answering Defendants and each purported cause of action alleged therein against these Answering Defendants.

///

///

**Answer of Defendant Emergency and Acute Care Medical Corporation and EA Health Billing, Inc.**

4 EA Juarez Answer 4-2-20.docx

## SIXTH AFFIRMATIVE DEFENSE

6. Without admitting any of the allegations in the Complaint, on information and belief, Plaintiff has unclean hands, which bars any recovery on Plaintiff's Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

7. Answering Defendants allege that the doctrine of superior equities precludes each of Plaintiff's claims.

## EIGHTH AFFIRMATIVE DEFENSE

8. Answering Defendants allege that the claims of Plaintiff are barred in that Answering Defendants acted in good faith, and had no knowledge, or reasonable grounds to believe, in the existence of any of the facts giving rise to Plaintiff's claims against Answering Defendants, as alleged in the Plaintiff's Complaint.

## NINTH AFFIRMATIVE DEFENSE

9. Answering Defendants allege that Plaintiff is further barred from recovery herein in that Plaintiff, being fully informed (or charged with such information) of the act or acts, event or events, of which Plaintiff now complains, ratified and affirmed all conduct with respect to the act or acts, event or events, and therefore Plaintiff has waived any and all causes of action against Answering Defendants and is barred from asserting the same.

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiff is barred from pursuing this action under the Doctrine of Laches.

## ELEVENTH AFFIRMATIVE DEFENSE

11. These Answering Defendants allege that any and all events and happenings, injuries and damages, if any, referred to in the Complaint were proximately caused or contributed to by the negligence and fault of Plaintiff, in that Plaintiff did not exercise ordinary care on Plaintiff's own

behalf. Therefore, Plaintiff is barred completely from recovery herein or in the alternative under the doctrine of comparative negligence and fault, the actions of Plaintiff reduce the right to recovery herein by that amount which such acts contributed to Plaintiff's injuries.

## TWELTH AFFIRMATIVE DEFENSE

12. The Complaint, and the whole thereof, is barred in that, if in fact Plaintiff was damaged in any manner whatsoever, said damage, if any, was a proximate result of the intervening and/or superseding actions on the part of other parties and/or persons or entities and not these Answering Defendants, in that such intervening and/or superseding actions of said parties and/or persons or entities bar recovery against these Answering Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. If it should be found that these Answering Defendants are in any manner legally responsible for the injuries or damages, if any, sustained by the Plaintiff, which supposition is not admitted but merely stated for the purposes of this defense, then any such injuries or damages found to have been incurred or sustained by such Plaintiff in this action were proximately caused or contributed to by other parties in this case. In such an event, it is necessary that the proportionate degree of negligence or fault of each said other parties be determined and prorationed so that as between all parties, and each of them, these Answering Defendants bear only that amount of damages caused by their negligence. If these Answering Defendants are not guilty of any act of negligence, then all other negligent parties should pay all of Plaintiff's judgment, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. These Answering Defendants allege that the misconduct of other persons not sued and served herein proximately contributed to the act or acts, or event or events, which are the subject of the Complaint on file herein, and that if any judgment is rendered in favor of the Plaintiff herein, the

11

**Answer of Defendant Emergency and Acute Care Medical Corporation and EA Health Billing, Inc.**
4 EA Juarez Answer 4-2-20.docx

misconduct of said other parties be determined, allocated in proportion, and that any judgment rendered against these Answering Defendants be reduced in the amount thereof.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. These Answering Defendants incur no liability under the Rosenthal Fair Debt Collection Practices Act under California Civil Code Section 1788.30(d) as these Answering Defendants notified the Debtor and cured the alleged violation within fifteen (15) days after discovery or receipt of written notice of the alleged violation.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. These Answering Defendants incur no liability under the Rosenthal Fair Debt Collection Practices Act under Civil Code Section 1788.30(e), in that the violation, if any, was unintentional, and resulted even though these Answering Defendants maintain procedures reasonably adapted to avoid the alleged violation.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. These Answering Defendants incur no liability as all communications by these Answering Defendants were subject to the litigation privilege contained in California Civil Code Section 47(b).

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. These Answering Defendants incur no liability under the Federal Fair Debt Collection Practices Act, as any alleged violation was unintentional, and resulted from a bonafide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

19. Answering Defendants reserve the right to amend this Answer and affirmative defenses and/or to assert additional defenses upon the completion of discovery.

**PRAYER:**

**Answer of Defendant Emergency and Acute Care Medical Corporation and EA Health Billing, Inc.**
4 EA Juarez Answer 4-2-20.docx

Answering Defendants therefore pray for relief as follows:

1. That Plaintiff take nothing by Plaintiff's Complaint;

2. That Answering Defendants be awarded its costs of suit herein;

3. Answering Defendants be awarded its attorneys' fees pursuant to statute, contract and applicable California Law;

4. For such other and further relief as the Court may deem just and proper.

Dated: April 2, 2020　　　　　　　　　　　　LEE & KEARY

By: /s/ Grant C. Keary
　　　Grant C. Keary, Attorneys for Defendants,
　　　Emergency and Acute Care Medical Corporation
　　　and EA Health Billing, Inc.

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 26000 Towne Centre Drive, Suite 200, Foothill Ranch, California 92610.

On April 2, 2020, I served the foregoing document described as: **ANSWER OF DEFENDANT EMERGENCY AND ACUTE CARE MEDICAL CORPORATION AND EA HEALTH BILLING, INC.** on the interested party(ies) in this action

[X] by placing [] the original [X] a true copy(ies) thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Andrew P. Rundquist<br>Law Offices of Andrew P. Rundquist<br>501 West Broadway, Suite A144<br>San Diego, CA 92101 | James K. Schultz, Esq.<br>Debbie P. Kirkpatrick, Esq.<br>Sessions, Fishman, Nathan & Israel, L.L.P.<br>1545 Hotel Circle South, Suite 150<br>San Diego, California 92108 |

[X] (BY MAIL) I deposited such envelope(s) in the mail at Foothill Ranch, California. The envelope(s) was/were mailed with postage thereon fully prepaid as follows: I am "readily familiar" with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at Foothill Ranch, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

[] (BY PERSONAL SERVICE) I caused each envelope(s) to be delivered by hand to the office(s) of the following addressee(s):

[] (BY TELECOPIER) I caused each document to be sent via telecopier to:

[] (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at Foothill Ranch, California on April 2, 2020.

Arlene J. Dempsey

14

**Answer of Defendant Emergency and Acute Care Medical Corporation and EA Health Billing, Inc.**

4 EA Juarez Answer 4-2-20.docx